UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANTHONY MICHAEL FLINT #248501,

        Plaintiff,

    v.

DAWN EICHER, et al.,

        Defendants.

_____/

Case No.   2:21-cv-00035

Hon. Hala Y. Jarbou
U.S. District Judge

## REPORT AND RECOMMENDATION

### I.  Introduction

This report and recommendation (R&R) addresses the Plaintiff's objection to the removal of his case to federal court (ECF No. 4) and his motion for preliminary injunction or temporary restraining order (ECF No. 7).

State prisoner Anthony Michael Flint initially filed this action in the Michigan Court of Claims.   (ECF No. 1-1.)   Three of the named defendants – the Michigan Department of Corrections (MDOC), Registered Nurse (RN) Eicher and RN Knack – removed the case to federal court.[1]   (ECF No. 1.)   Flint objected.   (ECF No. 4.) The Court ordered and received additional briefing on the removal.   (*See* ECF No. 20 (Order), ECF No. 21 (response by Corizon Health, Inc.), ECF No. 24 (response by

---

[1]    The other defendants in the case are Corizon Health, Inc. (Corizon), RN Damron, and Dietician Wellman.

1

MDOC defendants).)   For reasons set forth below, the undersigned recommends denial of Flint's objections to the removal of his case to this Court.

Flint filed an amended complaint on May 12, 2021.   (ECF No. 16.)   He alleges that the defendants engaged in "medical malpractice, wanton and willful misconduct, negligence, gross negligence [and] cruel and unusual punishment" in violation of the U.S. Constitution, the Constitution of the State of Michigan, and 42 U.S.C. §§ 1983, 1985 and 1986.   (*Id.*, PageID.233.)   He also alleges a violation of the Americans with Disabilities Act (ADA).   (*Id.*)   Flint's claims are based on events that occurred at the Kinross Correctional Facility (KCF).   Flint is now confined at the Alger Correctional Facility (LMF).

For reasons set forth below, the undersigned recommends denial of Flint's motion for a preliminary injunction and temporary restraining order.

## II.   Factual Allegations

In his amended complaint, Flint says that, on April 15, 2019, he needed medical attention due to shortness of breath, light headedness, and black stool. (ECF No. 16, PageID.235.)   Corrections Officer (CO) Fountain called the prison healthcare office and spoke with Defendant Eicher.   (*Id.*)   When Flint got on the phone, he told Eicher his symptoms, but Eicher stated Flint could not have shortness of breath because he was talking to her.   (*Id.*, PageID.235-36.)   CO Fountain took the phone and spoke with Eicher and then gave the phone back to Flint.   (*Id.*, PageID.236.)   Eicher told Flint that he did not have a medical emergency and to fill out a kite (a written request for medical care).   (*Id.*)   Flint says that Eicher's

response confirms Corizon's custom "that an inmate would have to be near death to receive emergency medical treatment." (*Id.*)    Flint says that Eicher made no record of his phone call or request for medical care.    (*Id.*)

Flint alleges that, an hour-and-a-half later, he began vomiting blood and collapsed on the floor of his unit.    (*Id.*)    Flint says he was taken to healthcare and treated by Defendant Damron.    (*Id.*)    Flint's initial blood pressure readings were 96/60 and 86/53.    (*Id.*)    Flint stated that he had taken 12 Tums over the past 72 hours.    (*Id.*)    Defendant Damron instructed Flint to fill out another medial kite but to include less detail.    (*Id.*, PageID.236-37.)    Flint's third blood pressure reading was 104/60.    (*Id.*, PageID.237.)    Flint believed that Defendant Damron recorded that reading.    (*Id.*)    Defendant Damron allegedly diagnosed a "bug" and gave Flint more Tums and a liquid diet for two days. (*Id.*)

Later Flint vomited more blood and was taken to War Memorial Hospital where he was diagnosed with acute upper GI bleeding, a duodenal ulcer, acute anemia, H-pylori and a hiatal hernia.    (*Id.*)

When he returned to the prison, Flint requested an "ulcer friendly diet" from Defendant Dietician Wellman.    (Id., PageID.241-42.)    Dietician Wellman allegedly responded to this request by stating that "[r]eflux options are available for self selection from the statewide standard menu, no diet order is needed for this."    (*Id.*, PageID.242.)    In addition, Flint says that Wellman instructed him to avoid adding spices, pepper, or hot sauce and to avoid tomatoes.    (*Id.*)    Flint claims that most of the meals contain pepper, other spices, or barbecue sauce, and there is ketchup in the

beans. (*Id.*)   Flint alleges that maintaining a proper ulcer friendly diet cost him over $3000.00 in extra food from the prison store and caused him to refrain from eating meals served from the regular prison menu.   (*Id.*, PageID.243.)

### III.   Objection to removal

In his objection to the notice of removal, Flint argued that his case should be remanded because the state court has concurrent jurisdiction to decide his Eighth Amendment, Fourteenth Amendment, and state law claims.   (ECF No. 4.)   Corizon argues that Flint failed to satisfy the notice requirements to bring a case in the Court of Claims and that this case is removable pursuant to 28 U.S.C. § 1441.   (ECF No. 21.)   Flint's reply to Corizon indicates that he does not object to removal of his claim against Corizon.   (ECF No. 26.)

The MDOC defendants – the MDOC itself and Eicher, Damron, Knack and Wellman – filed a response that repeated Corizon's arguments.   (ECF No. 24.)

Pursuant to 28 U.S.C. § 1331 and/or 1343, the U.S. District Court has original jurisdiction over all claims Flint has filed under the U.S. Constitution, 42 U.S.C. §§ 1983, 1985, 1986, and the ADA.   Accordingly, pursuant to 28 U.S.C. § 1441(a) and (c), Corizon and the MDOC defendants had the right to remove this case to federal court.   As noted above, Flint no longer objects to removal, at least with respect to his claims against Corizon.   Thus, the undersigned respectfully recommended that the Court deny Flint's objection to the notice of removal. (ECF No. 4.)

### IV.    Preliminary injunction and temporary restraining order

Flint has also filed a motion for a preliminary injunction and a temporary restraining order.   (ECF No. 7.)   Flint requests that the Court order the MDOC defendants to provide him with a low reflux/ulcer friendly diet.   He says that he is unable to obtain satisfactory food from either the MDOC's statewide menu or the prison store.    The MDOC defendants filed a response.    (ECF No. 9.)    Their response outlines the four-factor test this Court must consider in assessing Flint's motion.    They also included a listing of food Flint has purchased from the prison commissary and asserted that the food he has purchased was the likely source of his discomfort.    (ECF Nos. 9, 9-2.) Flint filed a reply.    (ECF No. 10.)

Preliminary injunctions are "one of the most drastic tools in the arsenal of judicial remedies."   *Bonnell v. Lorenzo*, 241 F.3d 800, 808 (6th Cir. 2001) (quoting *Hanson Trust PLC v. ML SCM Acquisition Inc.*, 781 F.2d 264, 273 (2d Cir. 1986)). The issuance of preliminary injunctive relief is committed to the discretion of the district court.   *Ne. Ohio Coal. v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006).   In exercising that discretion, a court must consider whether plaintiff has established the following elements: (1) a strong or substantial likelihood of success on the merits; (2) the likelihood of irreparable injury if the preliminary injunction does not issue; (3) the absence of harm to other parties; and (4) the protection of the public interest by issuance of the injunction.   *Id.*   These factors are not prerequisites to the grant or denial of injunctive relief, but factors that must be "carefully balanced" by the district court in exercising its equitable powers.   *Frisch's Rest., Inc. v. Shoney's, Inc.*, 759

F.2d 1261, 1263 (6th Cir. 1985).   Moreover, where a prison inmate seeks an order

enjoining state prison officials, the court is required to proceed with the utmost care

and must recognize the unique nature of the prison setting.   *Glover v. Johnson*, 855

F.2d 277, 284 (6th Cir. 1988); *Kendrick v. Bland*, 740 F.2d 432, 438 n.3 (6th Cir. 1984).

The party seeking injunctive relief bears a heavy burden of establishing that the

extraordinary and drastic remedy sought is appropriate under the circumstances.

*Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002);

*Stenberg v. Cheker Oil Co.*, 573 F.2d 921, 925 (6th Cir. 1978).

Under controlling Sixth Circuit authority, Flint's "initial burden" in

demonstrating entitlement to preliminary injunctive relief is a showing of a strong or

substantial likelihood of success on the merits of his action.   *NAACP v. Mansfield*,

866 F.2d 162, 167 (6th Cir. 1989).   Flint has not made such a showing.   It is not at

all clear from Flint's *pro se* complaint and subsequent filings that he has a substantial

likelihood of success on his claims.   Although the Court makes no final

determination on this issue, it appears at this preliminary stage that Flint has not

made a substantial showing of a violation of any of his constitutional or statutory

rights.   Flint requested a special diet, but he has not established that he had a

continuing medical need for a special diet.   Moreover, Flint has not established that

the prison self-select menu cannot meet his needs.   (*See* ECF No. 101, PageID.34

(document describing "How to select a reflux diet on the regular line"), and ECF No.

10-2, PageID.221 (document providing "Tips to Decrease Indigestion").

In addition, Flint received instructions from Wellman on how to select appropriate meals:

To: Mr. Flint #248501

From: K.Wellman RD, Dietitian

Re: Reflux diet

I received a referral for you regarding the reflux diet to provide lower acid foods, due to your recent ulcer/GI bleed. I have reviewed your medical record.

Reflux options are available for self selection from the statewide standard menu, no diet order is needed for this. Information attached on how to select a reflux diet. I have also included information on ways to reduce indigestion which may also be helpful for you.

If you have additional diet questions or concerns, please kite to be added to the RD wait list for an appointment by telemed for further education on self selection of a reflux diet.

(ECF No. 1-1, PageID.33.)

Second, the presence of irreparable harm is not evident. A plaintiff's harm from the denial of a preliminary injunction is irreparable only if it is not fully compensable by monetary damages. *Overstreet*, 305 F.3d at 578. Flint has not set forth specific facts showing an immediate, concrete and irreparable harm in the absence of an injunction. Flint has failed to present medical records establishing a continuing need for a special diet beyond what is available to him at the prison. As noted above, Defendants provided records of Flint's prison store purchases. Flint has purchased numerous food items that appear to contradict his claim that he needs a special diet. (ECF No. 9-2, PageID.153-207.)

The interests of identifiable third parties and the public at large weigh against an injunction. Interference by the federal courts in the administration of state prisons is necessarily disruptive. The public welfare therefore militates against the

issuance of extraordinary relief in the prison context, absent a sufficient showing of a violation of constitutional rights.    *Glover*, 855 F.2d at 286-87.

The undersigned is not unsympathetic to Flint's ailments.    The real problem here, however, is that the Court is not qualified to assess Flint's medical condition or the efficacy of the MDOC's dietary approach to acid reflux without substantially more information from medical professionals.    The undersigned does not doubt that Flint is experiencing significant discomfort.    But the Court cannot determine, based on the current record, whether the persistency and intensity of Flint's symptoms are based on his own actions or some failure by the MDOC to provide an adequate diet to those suffering from acid reflux.

## V.  Recommendation

It is respectfully recommended that the Court deny Flint's objections to the notice of removal (ECF No. 4) and deny Flint's motion for a preliminary injunction and temporary restraining order (ECF No. 7).

Dated:    June 4, 2021                         /s/ *Maarten Vermaat*
                                              MAARTEN VERMAAT
                                              U.S. MAGISTRATE JUDGE

NOTICE TO PARTIES:   Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.   28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).    Failure to file timely objections constitutes a waiver of any further right to appeal.   *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).   *See also Thomas v. Arn*, 474 U.S. 140 (1985).