UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANTHONY MICHAEL FLINT,

    Plaintiff,

v.

DAWN EICHER, et al.,

    Defendants.
_____/

Case No. 2:21-cv-35

Hon. Hala Y. Jarbou

## **ORDER**

    Plaintiff Anthony Michael Flint is a prisoner in the Michigan Department of Corrections (MDOC). Proceeding *pro se*, he alleges various violations of the U.S. Constitution and the Constitution of the State of Michigan. (Am. Compl., ECF No. 16.) Flint originally filed his complaint in the Michigan Court of Claims. (Compl., ECF No. 1-1.) Defendants removed the action to the Western District of Michigan. (Notice of Removal, ECF No. 1.) Flint objected to the removal (ECF No. 4), and then moved for a preliminary injunction (ECF No. 7).[1]

    The matter was referred to a magistrate judge, who produced a Report and Recommendation (R&R, ECF No. 27) recommending that the Court deny Flint's objection to removal and deny his motion for a preliminary injunction. Flint timely objected (ECF No. 31), but only objects to the R&R's conclusions regarding the motion for a preliminary injunction. The objections will be denied and the Court will adopt the R&R.

---

[1] Flint captions his motion as a "motion for a preliminary injunction & a temporary restraining order," which are very similar concepts (the principal differences being that temporary restraining orders may be sought and granted *ex parte* and only last for fourteen days). *See* Fed. R. Civ. P. 65(a)-(b). Requests for preliminary injunctions and temporary restraining orders are subject to the same four-part test. *Summit Cnty. Democratic Cent. & Exec. Comm. v. Blackwell*, 388 F.3d 547, 550 (6th Cir. 2004). Because Flint did not make an *ex parte* motion and because a preliminary injunction, if granted, would afford longer-term relief compared to a temporary restraining order, the Court will construe Flint's motion as one for a preliminary injunction.

# I. Standards

**A. Preliminary Injunctions**

"A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). Courts consider four factors in deciding whether to issue a preliminary injunction: "(1) whether the movant has a strong likelihood of success on the merits, (2) whether the movant would suffer irreparable injury absent the [injunction], (3) whether granting the [injunction] would cause substantial harm to others, and (4) whether the public interest would be served by granting the [injunction]." *Northeast Ohio Coal. for Homeless v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006). Though these factors "must be balanced together," *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1999), the four prongs are not necessarily afforded equal weight.

Irreparable harm is an "indispensable" requirement for a preliminary injunction, and "even the strongest showing" on the other factors cannot justify a preliminary injunction if there is no "imminent and irreparable injury." *D.T. v. Sumner Cnty. Schs.*, 942 F.3d 324, 327 (6th Cir. 2019). "[A]lthough the *extent* of an injury may be balanced against other factors, the *existence* of an irreparable injury is mandatory." *Id.* (emphasis in original). The likelihood of success is frequently considered the most important component. *See Wilson v. Williams*, 961 F.3d 829, 837 (6th Cir. 2020) (quoting *Liberty Coins, LLC v. Goodman*, 748 F.3d 682, 689 (6th Cir. 2014)). However, the third and fourth factors have greater salience in the prison litigation context, where the court's order would "intrude[] significantly into the prerogatives of state correctional officials." *Glover v. Johnson*, 855 F.2d 277, 284 (6th Cir. 1988); *see also Kendrick v. Bland*, 740 F.2d 432, 437 n.3 (6th Cir. 1984).

**B. Objections to R&Rs**

Under 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court must conduct de novo review of those portions of the R&R to which objections have been made. Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

## II. Analysis

**A. Preliminary Injunction**

The allegations in Flint's Amended Complaint are detailed in the R&R. Simply put, Flint says he has health problems that can cause severe acid reflux. To reduce acid reflux, Flint has been instructed to avoid foods containing spices, pepper, hot sauce, and tomatoes. The problem is that sometimes the prison cafeteria serves entrees made from those exacerbating ingredients and no alternative meals are available. On those days, Flint resorts to the prison store to find meals that will not aggravate his acid reflux. He seeks a preliminary injunction commanding Defendants to provide a diet that suits his needs.

The R&R determined that all four factors weighed against granting a preliminary injunction. Flint "ha[d] not made a substantial showing of a violation of any of his constitutional or statutory rights" and was thus unlikely to succeed on the merits. (R&R 6.) It further found that "the presence of irreparable harm is not evident" because Flint had not produced "medical records establishing a continuing need for a special diet beyond what is available to him at the prison." (*Id.* at 7.) The R&R also noted Flint had "purchased numerous food items that appear to contradict his claim that he needs a special diet." (*Id.*) Finally, wary that "[i]nterference by the federal courts

in the administration of state prisons is necessarily disruptive," the R&R determined that the third-party harm and public interest factors also disfavored a preliminary injunction because Flint had not made "a sufficient showing of a violation of constitutional rights." (*Id.* at 7-8.)

Flint's objections can be placed into three categories. He says: (1) that the R&R failed to properly consider certain evidence relating to food and his stomach ailments; (2) that the R&R misapplied several legal standards in evaluating the motion for a preliminary injunction; and (3) that the Court should conduct a hearing, with evidence presented, to determine the appropriateness of issuing the requested injunction. Each will be addressed in turn.

### 1. First category of objections

Flint objects to the R&R's conclusion that he failed to establish a "continuing need for a special diet" by pointing to a prescription medication he takes to "slow down acid production." (Pl.'s Objs., PageID.409.) Flint points to evidence indicating he will see medical professionals this month regarding his acid reflux troubles. (*Id.*) He details prison cafeteria menu items, apparently not considered by the R&R, that would exacerbate his acid reflux and notes that on some days it is simply impossible to follow Defendants' recommendation to avoid food with certain ingredients. (*Id.*, PageID.407-410.)

Flint also disputes the R&R's characterization of prison store food purchases as inconsistent with his claimed acid reflux. He says the prison store food, though not perfect, was less aggravating to his stomach than the food sometimes on offer in the cafeteria. (*Id.*, PageID.410 (calling the store food the "lesser of two evils").) In Flint's mind, the food purchases do not undercut the merits of his motion, but instead enhance them.

Although not expressly stated, the gist of this first category of objections is that Flint believes he is likely to succeed on the merits, and that his motion for a preliminary injunction should be granted. However, even assuming that Flint is more likely to succeed than suggested

4

by the R&R, the other factors still militate against issuing a preliminary injunction. The irreparable harm prong is weak—Flint appears able to avoid most troublesome ingredients by purchasing from food from the prison store: "most, if not all" chili seasoning can be "rinsed off" before consuming "Chili Shrimp Soup"; "Summer Sausages" can be "cooked to a crisp and placed on napkins to soak up the grease before eating[.]" (*Id.*) This may not be an ideal situation, but Flint does not seem to face much irreparable harm by going to the prison store. The food may not be perfect, but it appears to be much better than the cafeteria option, and if Flint were to succeed in this lawsuit, those food purchases would be reimbursed.

In light of the above discussion, the Court finds the third and fourth factor still work against the issuance of a preliminary injunction. It would be a significant intervention for the Court to delve into the day-to-day meals offered at a state prison. The record presented by Flint does not justify such an intervention. To the extent the R&R inadequately considered the evidence highlighted by Flint's objections, it was harmless error. Flint's first set of objections is denied.

### 2. Second category of objections

Flint also implicitly challenges legal standards used in the R&R. He objects that "[a] reasonable juror or jurist could conclude that Plaintiff's untreated hiatal hernia is the cause of his acid reflux disease and the need for a special diet is present as long as the hiatal hernia remains untreated." (*Id.*, PageID.411.) But just because a reasonable juror *could* reach such a finding does not mean that they *likely would*. Litigants face a more demanding standard in seeking a preliminary injunction compared to, say, surviving a motion for summary judgment. Flint's argument does not show a *strong* likelihood of success on the merits.

Relatedly, Flint says that "it would be unjust to deny relief on a claim that is not patently incredible, or frivolous on its face, and where Plaintiff has provided some unrebutted evidence to support his claim." (*Id.* (emphasis in original).) Again, the standard for issuing a preliminary

5

injunction is much more demanding than what Flint proposes. A party is not entitled to a preliminary injunction simply because they bring a nonfrivolous claim backed by some uncontested evidence. The four-factor test must be satisfied. Flint's second set of objections will be denied.

### 3. Third category of objections

Finally, Flint notes the magistrate judge's statement that he could not "determine, based on the current record, whether the persistency and intensity of Flint's symptoms are based on [Flint's] own actions or some failure by the MDOC to provide an adequate diet to those suffering from acid reflux." (R&R at 8.) For this reason, Flint requests "a full hearing on the merits" of his motion. (Pl.'s Objs., PageID.411.)

The Court does not find a hearing is warranted here. Even if such a hearing showed that Flint was likely to succeed on the merits, the other factors would still sink his motion. As mentioned above, the degree of irreparable harm is low. These circumstances would not justify the extraordinary remedy of ordering the Defendants to change Flint's diet at a state-run prison for the duration of this litigation because the third and fourth factors still work against a preliminary injunction. Flint's request for a hearing will be denied.

### B. Removal from State Court

The R&R recommended denying Flint's objection to removal. Flint does not object to the R&R's conclusion. That portion of the R&R will also be adopted, both because Flint does not object to it and because removal was proper under 28 U.S.C. §§ 1441(a) and (c).

Accordingly,

**IT IS ORDERED** that the R&R (ECF No. 27) is **ACCEPTED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's objection to removal (ECF No. 4) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for a preliminary injunction (ECF No. 7) is **DENIED**.

Dated:  July 8, 2021 /s/ Hala Y. Jarbou
HALA Y. JARBOU
UNITED STATES DISTRICT JUDGE